■ In the Matter of FIRST NEWPORT CORP., Respondent, v. STATE LIQUOR AUTHORITY, Appellant.— Order entered December 28, 1966, annulling respondent-appellant's determination dated November 18, 1966, reversed on the law, the said determination confirmed, and the petition dismissed, without costs or disbursements. Petitioner-respondent's principals are Gordon B. Gershman and Robert Vanucchi. Gershman, 37, is the principal of Vanger Restaurant, licensed since 1965 at 814 Third Avenue in Manhattan. Prior thereto Gershman had been employed as restaurant manager for about one and one-half years.

Gershman's application for Vanger stated he proposed to employ as general manager a person with 27 years' experience. Since 1965 the Police Department has served 3 summonses and received 13 complaints relative to prostitution, overcharging, larcenies, narcotics, and assaults at Vanger's premises. It also appears Vanger employed a dancer charged with assault and robbery and a fugitive from justice. Vanger, however, has not been convicted of any offense. In this proceeding Vanucchi alleges Vanger employed an experienced manager during the period November, 1965 to April, 1966 and thereafter was financially unable to continue his employment. Petitioner's application herein states Vanucchi was employed by Vanger as general manager since June, 1965 and is presently so employed. Vanucchi, 29, was initially employed by a licensee in 1964. He was assistant manager of Ginza Hideaway, Inc., between October, 1964 and February, 1965 and has been general manager of Vanger since June, 1965. Gershman verifies he will devote 30 hours a week and Vanucchi verifies he will devote full time to petitioner's business. Necessarily, the operation of Vanger's licensed premises will be under part-time supervision of Gershman. Respondent-appellant has found the activity, hazards and exposures incident to the operation of Vanger's licensed premises at 814 Third Avenue, evidenced by the aforesaid complaints and proceedings relative thereto, confirms the need for highly experienced, competent and vigilant supervision and management, which will not be available to Vanger if Gershman devotes 30 hours to the petitioner herein and Vanucchi ceases to be active at Vanger's premises. Vanger's application for a license was originally denied. Said determination was annulled by order dated August 12, 1965, affirmed herewith. (*Matter of Vanger Rest. Corp.* v. *State Liq. Auth.,* 27 A D 2d 905.) Thereby Vanger's principal, Gershman, is required to conduct Vanger's premises free of violations of law. The respondent-appellant has determined the petitioner herein does not have available the necessary experienced personnel to maintain and operate Vanger's licensed premises in addition to the petitioner's if Vanucchi is withdrawn from Vanger and Gershman divides his time between petitioner and Vanger. In the circumstances, we conclude petitioner-respondent has failed to establish the determination of the respondent-appellant to be arbitrary or capricious. (*Matter of Camuglia* v. *Rohan,* 9 N Y 2d 745.) Concur — Steuer, J. P., Tilzer and McNally, JJ.; McGivern and Rabin, JJ., dissent in the following memorandum by McGivern, J.: This appeal is inextricably intertwined with the appeal in *Matter of Vanger Rest. Corp.* v. *State Liq. Auth.* (27 A D 2d 905). To affirm the latter one and reverse in this case involves an inherent contradiction. There was a community of ownership, and for our purposes, of facts and circumstances. If anything, the position of the Authority is weaker in the instant case than in *Vanger,* which forms the predicate for the Authority's determination. The financial investment is accounted for; experience the petitioner now has; and the recital of anonymous calls to the police and unsupported charges are manifestly insufficient to justify the Authority's action. Viewed in its totality, there is no substantial evidence warranting the extreme penalty of deprivation of license. (*Matter of Matty's Rest.* v. *State Liq. Auth.,* 21 A D 2d 818, affd. 15 N Y 2d 659.) Of note is that the petitioner's application was unanimously approved by the New York City Alcoholic Beverage Control Board (Local Board). And in the State Liquor Authority there was a sharp cleavage of opinion.